**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH D. CALLAHAN, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:04cv730 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

**I.      Introduction**

        Plaintiff, Joseph D. Callahan, Jr., brought this action pursuant to 42 U.S.C. §§ 405(g)

and 1383(c), for judicial review of the final determination of the Commissioner of Social

Security ("Commissioner") which denied his application for supplemental security income

("SSI") and disability insurance benefits ("DIB") under Title II of the Social Security Act

("Act"), 42 U.S.C. §§ 401-403; 1381-1383(f).


**II.     Background**

        **A.      Facts**

        Plaintiff was born on April 5, 1961.  R. at 263.  He has a tenth grade education and is

literate.  R. at 263-64.  Plaintiff's past work experience includes jobs as a maintenance man, a

welder, a nurse's aide and a cook.  R. at 264-67.

        Plaintiff alleges disability as of December 16, 2000, due to breathing disorders.

Plaintiff has been diagnosed with chronic obstructive pulmonary disease with emphysema.  R.

at 19.  The record reflects that Plaintiff has not engaged in substantial gainful work activity

since alleging disability as of December 16, 2000.  R. at 264.

      **B.**    **Procedural History**

_____Plaintiff initially filed applications for SSI and DIB on April 3, 2001 in which he

claimed total disability since December 16, 2000.  R. at 53-55; 240-41.  An administrative

hearing was held on October 7, 2002 before Administrative Law Judge Melvin Rosenberg

("ALJ").  R. at 259.  Plaintiff was represented by counsel and testified at the hearing.  *Id.*

William H. Reed, Ph.D., an impartial vocational expert, also testified at the hearing.  *Id.*

On March 28, 2003, the ALJ rendered a decision unfavorable to Plaintiff in which he

found that although Plaintiff was limited to sedentary work in a relatively clean environment,

he could perform work which exists in significant numbers in the national economy and,

therefore, was not "disabled" within the meaning of the Act.  R. at 13, 19-20.

The ALJ's decision became the final decision of the Commissioner on March 19,

2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

R. at 5.

On May 14, 2004 Plaintiff filed his Complaint in this Court in which he seeks

judicial review of the decision of the ALJ.  The parties have filed cross-motions for summary

judgment.  Plaintiff contends that the ALJ's hypothetical question to the vocational expert

("VE") did not adequately portray his physical and mental limitations, and that said

hypothetical question failed to include specific impairments suffered by Plaintiff.  Pltf's Br. at

4-5.  Plaintiff also contends that the ALJ ignored the VE's testimony that if Plaintiff needed to

take frequent breaks to rest and to use his breathing machine, and had a propensity to vomit due

to his breathing conditions, he would be unable to sustain employment. *Id*. at 5-6.

Additionally, Plaintiff argues that the ALJ improperly ignored a Pennsylvania welfare

assessment form completed by Roberto Bendoni, M.D. ("Dr. Bendoni"), which reflects Dr.

Bendoni's opinion that Plaintiff is permanently disabled. *Id*. at 6. Alternatively, Plaintiff

contends that the case should be remanded to the Commissioner for consideration of evidence

that Plaintiff was placed on oxygen therapy subsequent to the October 7, 2002 hearing, but prior

to the ALJ's March 28, 2003 decision. *Id*. at 7. The Commissioner, on the other hand,

contends that the decision of the ALJ should be affirmed as it is supported by substantial

evidence. The Court agrees with Plaintiff that this case should be remanded. Therefore, the

Court will grant the Motion for Remand filed by Plaintiff and deny both the Motion for

Summary Judgment filed by Plaintiff, and the Motion for Summary Judgment filed by the

Commissioner.


**III.      Legal Analysis**

      A.      <u>Standard of Review</u>

      The Act limits judicial review of disability claims to the Commissioner's final

decision. 42 U.S.C. §§ 405(g); 1383(c)(3). If the Commissioner's finding is supported by

substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g);

*Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999). The Supreme

Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971);

*Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of

evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520; 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C. § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,

> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from

4

returning to his or her former job.  *Stunkard*, 841 F.2d at 59;  *Kangas*, 823 F.2d at 777.  Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy.  *Stunkard*, 842 F.2d at 59;  *Kangas*, 823 F.2d at 777;  *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986);  *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment.  *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process.  In making this determination, the ALJ concluded that although Plaintiff cannot return to his past relevant work, he can perform sedentary work if the work environment is not "excessively dirty or polluted."  R. at 20.

**B.    Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987).  The Court must simply review the findings and conclusions of the ALJ to determine

whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

> 1. *Whether the ALJ formulated a proper hypothetical question to the VE and properly relied on the VE's response thereto.*

Plaintiff contends that the hypothetical question posed by the ALJ to the VE did not accurately portray his limitations.  Pltf's Br. at 4.  Plaintiff also contends that the ALJ improperly discounted the VE's testimony that if Plaintiff needed frequent breaks to rest and to use his breathing machine, and had a propensity for vomiting due to his breathing conditions, he would be unable to sustain employment.  Pltf's Br. at 5-6.

In order to determine whether a claimant is capable of performing other substantial gainful activity that exists in significant numbers in the national economy, the ALJ may rely upon the testimony of a vocational expert.  Testimony of a vocational expert constitutes substantial evidence for purposes of judicial review where a hypothetical question considers all of a claimant's impairments which are supported by the medical record.  *Ramirez v. Barnhart,* 372 F.3d 546, 555 (3d Cir. 2004);  *Burns v. Barnhart,* 312 F.3d 113, 120 (3d Cir. 2002);  *Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987).  Hypothetical questions need only include factors that are supported by objective medical evidence contained in the record.  *Chrupcala,* 829 F.2d at 1276.  It is not necessary for the ALJ to include facts in a hypothetical question that are supported <u>only</u> by a claimant's subjective testimony.  *Id.*

Plaintiff's breathing impairments, *i.e.* chronic obstructive pulmonary disease with emphysema, are clearly the primary limitation on his ability to work.  Therefore, it is critical

that the ALJ's hypothetical question accurately portray Plaintiff's breathing impairments.  *See*

*Ramirez*, 372 F.3d at 554-55 ("great specificity is required when an ALJ incorporates a

claimant's mental or physical limitations into a hypothetical.") (quotations and citation omitted).

In his  hypothetical question to the VE the ALJ stated, in relevant part, as follows:

> His principal impairment is smoking.  There is a history of asbestos
> exposure, but there's no credible evidence indicating any limitation
> because of asbestos exposure.  His principal pulmonary problems are
> because of his severe of smoker (*sic*), cigarettes, or whatever it is he
> smokes, smoked.  Add supposedly he stopped about one month ago.  He
> has smoking bronchitis.  I'm sorry.  He stopped about seven or eight
> weeks ago.  He does smoking bronchitis (*sic*).  He does not require
> oxygen.  He has required the use of Welbutrin to enable him to stop
> smoking.
> ***
> [B]ecause of ... his pulmonary limitation he's limited to sedentary work.

R. at 297-98.

The Court finds and rules that the ALJ's hypothetical fails to adequately convey

Plaintiff's breathing impairments.  Smoking, in and of itself, is not an impairment to one's

ability to work, and there is no evidence of record that Plaintiff has been diagnosed with

"smoking bronchitis."  In the Court's view, the ALJ should have conveyed to the VE that

Plaintiff's ability to work was impaired by chronic obstructive pulmonary disease with

emphysema, and should have articulated the precise limitations posed by those ailments.

Additionally, the ALJ failed to address in his hypothetical question and in his written opinion

Plaintiff's testimony that he needed to use a breathing machine to take his medications eight (8)

times per day, at that each use of the breathing machine consumed five to eight minutes.  R. at

280.  In response to a hypothetical question by Plaintiff's attorney which included this

limitation, the VE testified that Plaintiff would be "well beyond normal employer expectations

for amount of breaks required," and that "such an individual would have difficulty in sustaining work like activity." R. at 300.   Therefore, the Court finds that this case should be remanded to the Commissioner for a proper evaluation of whether Plaintiff can perform work which exists in substantial numbers in the national economy.

2.       *Whether the ALJ improperly ignored a Pennsylvania welfare assessment form which reflects Dr. Bendoni's opinion that Plaintiff is permanently disabled.*

Plaintiff contends that the welfare assessment form completed by Dr. Bendoni[1] is a medical opinion, that Social Security regulations require the Commissioner to evaluate every medical opinion that it receives, and that the ALJ erred in failing to consider the opinion of Dr. Bendoni.  Pltf's Br. at 6-7 (*citing* 20 C.F.R. § 404.1527(d)).  Dr. Bendoni opines in the welfare assessment that "Mr. Callahan is partially permanently disabled because of his [chronic obstructive pulmonary disease ]." R. at 197.  The ALJ found that the welfare assessment form was "not entitled to evidence (*sic*) in this social security proceeding since state welfare criteria have not been shown to be relevant in this Federal proceedings (*sic*)." R. at 18.

The Commissioner will usually give greater weight to the findings and opinion of a treating physician. 20 C.F.R. § 416.927(d)(2).  Under the regulations, the opinion of a treating physician concerning the nature and severity of an individual's impairment is entitled to controlling weight only if it is consistent with the other evidence of record and well-supported with clinical and diagnostic findings. 20 C.F.R. §§ 404.1527(d)(3)-(4); 416.927(d)(3)-(4).  In addition, in *Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994), the United States Court of

---

[1]     The record reflects that Dr. Bendoni is Plaintiff's primary treating physician.  R. at 197.

Appeals for the Third Circuit held that a treating physician's opinion that a claimant is disabled or unable to work is not dispositive of the issue.

The Court finds and rules that the opinion expressed by Dr. Bendoni in the welfare assessment qualifies as a medical opinion, and therefore the ALJ should have considered said opinion pursuant to 20 C.F.R. § 404.1527.  Whether Plaintiff is eligible for welfare benefits and whether he is eligible for Social Security benefits are undoubtedly separate inquiries.  However, regardless of the type of benefits at issue, Dr. Bendoni's opinion that Plaintiff is "partially permanently disabled" due to chronic obstructive pulmonary disease should not have been summarily rejected by the ALJ simply because it was expressed in a welfare assessment form. On remand, the Commissioner shall consider Dr. Bendoni's opinion, determine the weight to which it is entitled, and reconsider whether Dr. Bendoni's opinion affects the Commissioner's ultimate conclusion that Plaintiff is not disabled.

3.     *Whether the case should be remanded to the Commissioner for consideration of evidence that Plaintiff was placed on oxygen therapy subsequent to the October 7, 2002 hearing, but prior to the ALJ's March 28, 2003 decision.*

Plaintiff contends that his case should be remanded so that the Commissioner may consider evidence that Plaintiff was placed on oxygen therapy prior to the ALJ's March 28, 2003 decision.  Pltf's Br. at 7.  The Court notes that its jurisdiction is limited with regard to evidence that was not before the ALJ at the time of his decision:

> To summarize the options open to the district court, when the Appeals Council has denied review the district court may affirm, modify, or reverse the Commissioner's decision, with or without a remand based on the record that was made before the ALJ (Sentence Four review). However, when the claimant seeks to

> rely on evidence that was not before the ALJ, the district court
> may remand to the Commissioner but only if the evidence is new
> and material and if there was good cause why it was not
> previously presented to the ALJ (Sentence Six review). See
> Keeton v. DHHS, 21 F.3d 1064, 1067 (11th Cir.1994); Newhouse
> v. Heckler, 753 F.2d 283, 286 (3d Cir.1985).

*Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001). The standard for considering if the evidence is "new and material" was discussed in greater depth in *Suzbak v. Secretary of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). First, the evidence must be "'new' and not merely cumulative of what is already in the record." *Newhouse v. Heckler*, 753 F.2d 283, 287 (3d Cir. 1985) (*citing Suzbak*, 745 F.2d at 833). Second, it must be relevant and probative. *Id*. Third, there must be a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination . . . Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record." *Id.*

The Court finds and rules that the evidence that Plaintiff was placed on oxygen therapy is both new and material. The evidence is clearly new because there is no evidence in the administrative record that Plaintiff was receiving oxygen therapy. As to the materiality of the evidence, it appears that the ALJ based his decision, in part, on the lack of evidence that Plaintiff required oxygen therapy. *See* R. at 17 ("He does use inhale and oral breathing medication but is not on oxygen."); R. at 19 ("I find - that [Plaintiff] is limited to sedentary work in a relatively clean environment, but that his medications generally provide adequate relief of symptoms in that environment without need for oxygen treatment."). Therefore, the requirement that the new evidence be relevant and probative is satisfied. Finally, although plaintiff does not expressly argue that there is "good cause" to excuse the omission of this

10

evidence, the relevant records seem to reflect that Plaintiff's need for oxygen therapy may have arisen at or near the time that the ALJ rendered his decision, which would make it difficult to have timely submitted such evidence to the ALJ.  In any event, it is for the Commissioner to determine whether Plaintiff's evidence that he was placed on oxygen therapy affects the Commissioner's ultimate conclusion that Plaintiff is not disabled.

**IV.      Conclusion**

For the foregoing reasons, the Court finds that this case should be remanded to the Commissioner for proceedings consistent with this opinion.  Accordingly, the Court will grant the Motion for Remand filed by Plaintiff, deny the Motion for Summary Judgment filed by Plaintiff, and deny the Motion for Summary Judgment filed by the Commissioner.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH D. CALLAHAN, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:04cv730 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 19th day of September, 2005, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1.  Plaintiff's Motion for Remand (*Document No. 9*) is **GRANTED**;

2.  Plaintiff's Motion for Summary Judgment (*Document No. 9*) is **DENIED**;

3.  Defendant's Motion for Summary Judgment (*Document No. 11*) is **DENIED**;

4.  The case is remanded for reconsideration, rehearing and/or further proceedings consistent with this opinion; and

5.  The Clerk will docket this case as closed.


BY THE COURT:


s/  Terrence F. McVerry
United States District Court Judge


cc:     Norman J. Barilla, Esquire
        111 West Sheridan Avenue
        New Castle, PA 16105

        Paul Skirtich
        Assistant United States Attorney
        Email: paul.skirtich@usdoj.gov